```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION


EQUITY LIFESTYLE PROPERTIES, INC.,

                 Plaintiff,

vs.                                 Case No.  2:05-cv-165-FtM-29SPC

FLORIDA MOWING & LANDSCAPE SERVICE,
INC.,

                 Defendant.
_____

FLORIDA MOWING & LANDSCAPE SERVICE,
INC.,

                 Plaintiff,

vs.                                 Case No. 2:05-cv-187-FtM-29SPC

EQUITY LIFESTYLE PROPERTIES, INC.,
f/k/a MANUFACTURED HOME COMMUNITIES,
INC.,

                 Defendant.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on the following motions: (1) Equity Lifestyle Properties, Inc.'s ("Equity Lifestyle") Motion for Summary Judgment (Doc. #34); (2) Florida Mowing and Landscape Service, Inc.'s ("Florida Mowing") Motion for Summary Judgment (Doc. #38); (3) Equity Lifestyle's Motion to Strike Pleadings (Doc. #45); (4) Florida Mowing's Motion to Permit Jury View (Doc. #57);

(5) Florida Mowing's Motion in Limine (Doc. #58). Responses were filed to all motions.

**I.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if there is sufficient evidence such that a reasonable jury could return a verdict for either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it may affect the outcome of the suit under governing law. Id. The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Rice-Lamar v. City of Ft. Lauderdale, Fla., 232 F.3d 836, 840 (11th Cir. 2000), cert. denied, 534 U.S. 815 (2001). In order to avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322; Hilburn v. Murata

Elecs. N. Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999). In ruling on a motion for summary judgment, the Court is required to consider the evidence in the light most favorable to the nonmoving party. Johnson v. Booker T. Washington Broad. Serv., Inc., 234 F.3d 501, 507 (11th Cir. 2000); Jaques v. Kendrick, 43 F.3d 628, 630 (11th Cir. 1995).

Equity Lifestyle filed a four-count Second Amended Complaint (Doc. #26) for declaratory judgment, breach of contract, quantum meruit, and fraudulent invoices, claiming that Florida Mowing overcharged it for services rendered pursuant to a written cost-plus contract. Based upon the same contract, Florida Mowing sued Equity Lifestyle for failing to pay certain invoices submitted under the contract totaling $563,561.50.

Equity Lifestyle seeks summary judgment on the issue that the contract is a cost-plus contract. Florida Mowing claims the contract is not a cost-plus contract, a term which is essentially limited to building construction situations. The Court concludes as a matter of law that the contract at issue is a cost-plus contract. First, cost-plus contracts are clearly not limited to building construction situations. E.g., Valley Drug Co. V. Geneva Pharmaceuticals, Inc., 350 F.3d 1181 (11th Cir. 2003)(discussing cost-plus contracts in pharmaceutical industry); Arabian American Oil Co. v. Scarfone, 939 F.2d 1472 (11th Cir. 1991)(discussing overcharging of cost-plus service contracts for architectural services). Second, the unambiguous language of the contract,

drafted by Florida Mowing, clearly establishes on its face that it is a cost-plus contract. The contract says exactly that: "both parties agree that the contractor will bill bi-weekly and this will be a cost plus percentage markup on the costs, for the contract." Additional contractual provisions detailing when and how Florida Mower will bill, and the specific costs of some items, e.g., large debris units and small debris units, does not change the unambiguous cost-plus nature of this contract. Equity Lifestyle's motion will be granted to this extent.

While the contract is cost-plus, there are multiple material factual disputes which preclude summary judgment to either party on the merits of the substantive claims. Both motions will be denied as to these claims.

Equity Lifestyle also seeks summary judgment concerning the Florida Deceptive and Unfair Trade Practices Act (PDUTPA). The Second Amended Complaint does not include any substantive claim under the FDUTPA, so no summary judgment is appropriate. In any event, summary judgment would be precluded because there are many material disputed facts which impact any claim of fraud.

**II.**

Equity Lifestyles seeks to strike Florida Mowing's pleadings as a sanction for failing to adequately respond to interrogatories. Having reviewed the file, the Court concludes that striking pleadings would be an overly drastic sanction which is not warranted in this case. Therefore, the motion will be denied.

### III.

Florida Mowing seeks a jury view of the five projects which were the subject of the clean-up contract. Whether to grant a jury view is a matter within the discretion of the court. Auto Owners Insurance Co. V. Bass, 684 F.2d 764, 769 (11th Cir. 1982). The Court finds that none of the proffered reasons provide a reasonable basis to conduct a jury view, and that a jury view at this time would add nothing to the resolution of the issues before the jury. Therefore, the motion will be denied.

### IV.

Florida Mowing seeks in limine to exclude the expert testimony of Michael C. Norberg as irrelevant, and challenges his qualifications as "suspect". Florida Mowing also challenges the expert testimony of R. David Isley because it relied upon Mr. Norberg's report. Finally, Florida Mowing also seeks to exclude evidence of violations of the Florida Unfair and Deceptive Trade Practices Act because no such claim was alleged in the Second Amended Complaint.

The motion challenging the expert testimony is untimely under the Case Management and Scheduling Order, since it is based on Daubert v. Merrel Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). This portion of the motion will therefore be denied. As noted earlier, the Second Amended Complaint does not contain a count alleging a FUDTPA violation, so evidence regarding such a claim

would be irrelevant.  It is unclear, however, what evidence Florida Mowing refers to; the motion in limine is simply too vague for the Court to make a ruling excluding evidence.  The motion will therefore be denied.

Accordingly, it is now

**ORDERED**:

1. Plaintiff, Equity Lifestyle Properties, Inc.'s, Motion for Summary Judgment (Doc. #34) is **GRANTED IN PART AND DENIED IN PART**.  It is granted to the extent that the Court finds that the contract is a cost-plus contract, and is otherwise denied.

2.  Defendant, Florida Mowing and Landscape Service, Inc.'s Motion for Summary Judgment (Doc. #38) is **DENIED**.

3. Equity Properties Motion to Strike Pleadings (Doc. #45) is **DENIED**.

4.  Florida Mowing's Motion to Permit Jury View (Doc. #57) is **DENIED**.

5. Florida Mowing's Motion in Limine (Doc. #58) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __24th__ day of April, 2006.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record