```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

EQUITY LIFESTYLE PROPERTIES, INC.,

        Plaintiff,

vs.                        Case No.  2:05-cv-165-FtM-29SPC

FLORIDA MOWING & LANDSCAPE SERVICE,
INC.,

        Defendant.
_____

FLORIDA MOWING & LANDSCAPE SERVICE,
INC.,

        Plaintiff,

vs.                        Case No.  2:05-cv-187-FtM-29SPC

EQUITY LIFESTYLE PROPERTIES, INC.,
f/k/a MANUFACTURED HOME COMMUNITIES,
INC.,

        Defendant.
_____

**<u>OPINION AND ORDER</u>**

     This matter comes before the Court on Florida Mowing and Landscape Service Inc.'s ("Florida Mowing") Motion to Dismiss Third Amended Complaint (Doc. #105) filed on June 23, 2006.  Equity Lifestyle Properties, Inc. ("Equity Lifestyle") filed its Response (Doc. #108) on July 10, 2006.  The Court will also address Equity Lifestyle's Motion for Clarification (Doc. #115), Florida Mowing and Landscape Service, Inc's Renewed Verified Motion for Final

Summary Judgment (Doc. #119), and Equity Lifestyle Properties, Inc.'s. Motion for Partial Summary Judgment (Doc. #120).

**I.**

On the third day of a jury trial, the Court engaged in an extended discussion with counsel as to the scope of the breach of contract claim by Equity Lifestyles. (Doc. #111, pp. 558-603). Based upon counsel's representations, the Court summarized Equity Lifestyle's newly-articulated breach of contract theory as being that Florida Mowing "breached the contract by billing for a number of days that he did not work, by billing for a number of units that he did not work, by billing for street sweeper services that were not properly billed under the contract, by billing for dump fees that were not properly billed under the contract, and by stealing the trash aluminum, for whatever value that had." (Doc. #111, pp. 581-582.) After a recess, Equity Lifestyles' counsel moved for a mistrial because its expert's report did not disclose information regarding such factual assertions. The Court reluctantly granted the mistrial, but directed that a third amended complaint be filed specifically identifying the claimed breaches of the contract:

> The Court is going to require you to file a third amended complaint setting forth, in detail, as you've done here, today, the precise breaches of contracts that you've articulated. When this case is retried, if you do not prove your case, the Court will impose sanctions on you, personally, as well as your client, if the Rule 11 standard is satisfied. I want you to allege whatever it is you want to allege; but if you don't' prove it, you're on notice. I don't' see it, myself, so far. And I will impose the full cost of this trial, as a sanction, under

> Rule 11, if that turns out to be the situation, that you do not prove your case.

(Doc. #111, pp.599-600.)  The Court further instructed that Equity Lifestyle may include its other counts which had previously been dismissed, and while the Court would again dismiss those counts there would be a clean record of all theories Equity Lifestyle wished to pursue.  (Doc. #111, p. 601.  The Court issued a written Order on May 25, 2006 declaring a mistrial and stating that

> {i]f Equity Lifestyle Properties, Inc. wishes to pursue its causes of actions, it shall file a Third Amended Complaint.  The Third Amended Complaint shall include all the claims it wishes to pursue, including the "price gouging" portion of Count I . . . If Equity Lifestyle includes a breach of contract claim, the claim shall specifically identify the breaches it alleges, consistent with those articulated to the Court during trial on May 25, 2006.

(Doc. #88, p.2.)

Equity Lifestyle's Third Amended Complaint was filed on June 12, 2006, and sets forth the following seven counts:  (1) breach of contract; (2) accounting; (3) fraud; (4) violation of Florida's Unfair and Deceptive Trade Practices Act ("FDUTPA"); (5) Fraud in the inducement; (6) Recission; and (7) Unjust Enrichment (respectively).  For the reasons set forth below, all counts will be dismissed.

**II.**

**A.  Breach of Contract**

In Count I, the breach of contract count, Equity Lifestyle has blatantly refused to comply with the instructions of the Court as

to the claimed breaches of the contract. Count I states the alleged breaches as follows: Florida Mowing breached the terms of the contract by: "(i) charging Equity for costs that were not properly chargeable under the Contract; (ii) charging Equity for alleged costs that were not actual costs incurred by Florida Mowing necessary to perform its services under the Contract; (iii) charging Equity, not for Florida Mowing's actual costs, but based upon mere estimates." (Doc. #99, ¶32.) Additionally, Equity Lifestyles alleged that Florida Mowing further breached the Contract by: "(i) grossly overstating and overcharging for its actual costs; (ii) grossly overcharging for items that were reasonably available at a significant discount; and (iii) failing to have or maintain proper records to substantiate the fees it charged Equity for its services." (Id. at ¶33.) Nowhere in the Third Amended Complaint has Equity Lifestyles alleged the specific breaches of contract as discussed at trial and as ordered by the Court. The Court allowed the filing of another amended complaint with the specific instructions that Equity Lifestyles make such specific allegations; the initial failure to include such specific allegations led to the need for the mistrial in the first place. Finding no possible excuse for ignoring the Court's order, the Court will dismiss Count I with prejudice.

**B.  Equitable Accounting**

Count II seeks an equitable accounting.  This is an entirely new claim and is not within the scope of the Court's leave to file a third amended complaint.  Additionally, Florida Mowing correctly asserts that such claim cannot stand because Equity Lifestyle failed to show a fiduciary relationship, or to establish any reason that its remedy at law is not full, adequate or expeditious.

Under Florida law, "there can be grounds for an equitable accounting where the contract demands between litigants involve extensive or complicated accounts and it is not clear that the remedy at law is as full, adequate and expeditious as it is in equity."  <u>Chiron c. Isram Wholesale Tours and Travel Ltd.</u>, 519 So.2d 1102, 1103 (Fla. 3rd DCA, 1988) (citing <u>F.A. Chastain Constr. Inc. V. Pratt</u>, 146 So.2d 910, 913 (Fla. 3d DCA 1962).  While Equity Lifestyle did assert that the proper calculations under the contract are complicated, it did not and cannot allege that its remedy at law is not full, adequate or expeditious.  Even with the dismissal of Count I, the amount owing under the contract will be determined by the jury in conjunction with Florida Mowing's case.  Therefore, Equity Lifestyle did not anc cannot assert a claim for an equitable accounting, and Count II will be dismissed with prejudice.

**C. Fraud**

In Count III, Equity Lifestyle claims that Florida Mowing submitted false invoices that "grossly overstated and overcharged for its actual costs, grossly overcharged for items that were reasonably available at a significant discount; and failed to have and/or maintain proper records to substantiate the fees charged." (Doc. #99, ¶47.)  This claim is also beyond the scope of the Court's leave to file a third amended complaint.  Additionally, a fraud claim must satisfy the more specific pleading requirements of Fed. R. Civ. P. 9(b).  Rule 9(b) provides:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

Rule 9(b) does not abrogate the concept of notice pleading, but is satisfied by a complaint which sets forth (1) precisely what statements or omissions were made in what documents or oral representations or what omissions were made, (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) them, (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud. Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001) (citation omitted).  "Failure to satisfy Rule 9(b) is a ground for dismissal of a complaint."  Corsello v. Lincare, Inc., 28 F.3d 1008, 1012 (11th Cir. 2005).  These allegations in Count III do not

meet the heightened pleading standard for fraud, and will therefore be dismissed.

**D.  Florida Unfair and Deceptive Trade Practices Act**

Equity Lifestyle's claim for violation of Florida's Unfair and Deceptive Trade Practices Act is essentially a reiteration of its price gauging claim.  This claim was previously dismissed, and as stated during the trial the Court will again dismiss this as failing to state a private cause of action. (Doc. #111, pp. 601-602.)

**D.  Fraudulent Inducement**

In Count V Equity Lifestyle claims that it was fraudulently induced into entering the contract with Florida Mowing. "The elements necessary to state a cause of action for fraud in the inducement are 1) a false statement concerning a material fact, 2) knowledge by the person making the statement that the representation is false, 3) intent by the person making the statement that the representation will induce another to act upon it, and 4) reliance on the representation to the injury of the other party." Mettler, Inc. v. Ellen Tracy, Inc., 648 So.2d 253, 254 (Fla. 2d DCA 1994).  *Accord* Hillcrest Pacific Corp. V. Yamamura, 727 So.2d 1053, 1055 (Fla. 4th DCA 1999).  Equity Lifestyles asserts that Florida Mowing misrepresented the amount of profit it intended to make from its performance of the contract. Contemporaneously, Equity Lifestyle asserts that

> [t]he final cost of the project as contracted for by the parties was unknown at the outset because neither party knew what would be involved in completing the project or how long the project would take . . .Florida Mowing's inability to know what its exact costs would be was exacerbated by the fact that it did not know how long the project would last and further did not know what the costs of labor, supplies, fuel and equipment would be during the post-hurricane period."

(Doc. #99, ¶¶ 11 and 17.)  The Court agrees with Florida Mowing that Equity Lifestyle's claim for fraud in the inducement directly conflicts with its factual allegations and fails to state a claim. In light of Equity Lifestyle's allegations that Florida mowing did not know the cost of completing the project or the time necessary to do so, the Court finds it impossible for Equity Lifestyle to claim that Florida Mowing knowingly made a material misstatement with the intent that Equity Lifestyle rely upon that misrepresentation to enter into the subject contract.  The nature of the subject contract, as a cost-plus contract[1] accounts for the uncertainties and unknowns involved in hurricane clean-up. Therefore, Count V will be dismissed.

**E.   Recission**

In Count VI, Equity Lifestyles seeks rescission of the subject contract.  This is a new claim which does not fall within the scope of the Court's leave to file a third amended complaint.  The Court also agrees that there can be no claim for rescission in this case

---

[1] By prior Order the Court has found, as a matter of law that the contract is a cost-plus contract. (Doc. #67, p.4.)

where Equity Lifestyles has received the full benefit of Florida Mowing's performance of the contract and the only issue is the amount of compensation for the work.  Count VI will be dismissed.

### F. Count VII

In Count VII, Equity Lifestyle asserts a claim for unjust enrichment against Florida Mowing.  Florida Mowing correctly points out that where an express contract exists, a claim for unjust enrichment cannot stand.  See Williams v. Bear Stearns and Company, 725 So.2d 397, 400 (Fla. 5th DCA 1998).  As the Court has clearly and unequivocally found the existence of a cost-plus contract, Count VII is due to be dismissed.

### III.

Equity Lifestyle's Motion for Clarification (Doc. #115) is denied as moot in light of the Court's Order (Doc. #129).  Florida Mowing and Landscape Service, Inc's Renewed Verified Motion for Final Summary Judgment (Doc. #119) and Equity Lifestyle Properties, Inc.'s. Motion for Partial Summary Judgment (Doc. #120) are denied as moot in light of the dismissal of the Third Amended Complaint.

Accordingly, it is now

**ORDERED:**

1.  Florida Mowing and Landscape Service Inc.'s Motion to Dismiss Third Amended Complaint (Doc. #105) is **GRANTED,** and Equity Lifestyles' Third Amended Complaint is **DISMISSED.**

2. Equity Lifestyle's Motion for Clarification (Doc. #115) is **DENIED** as moot.

3. Florida Mowing and Landscape Service, Inc's Renewed Verified Motion for Final Summary Judgment (Doc. #119) is **DENIED** as moot.

4. Equity Lifestyle Properties, Inc.'s. Motion for Partial Summary Judgment (Doc. #120) is **DENIED** as moot.

**DONE AND ORDERED** at Fort Myers, Florida, this __20th__ day of October, 2006.

                                                                              *John E. Steele*
                                                                              JOHN E. STEELE
                                                                              United States District Judge

Copies:
Counsel of record