UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EQUITY LIFESTYLE PROPERTIES, INC.,

        Plaintiff,

vs.                      Case No.   2:05-cv-165-FtM-29SPC

FLORIDA MOWING & LANDSCAPE SERVICE, INC.,

        Defendant.
_____

FLORIDA MOWING & LANDSCAPE SERVICE, INC.,

        Plaintiff,

vs.                      Case No.   2:05-cv-187-FtM-29SPC

EQUITY LIFESTYLE PROPERTIES, INC.,
f/k/a MANUFACTURED HOME COMMUNITIES, INC.,

        Defendant.
_____

**ORDER**

    This matter comes before the Court on Defendant, Equity Lifestyle Properties, Inc.'s Motion to Stay Proceedings and Incorporated Memorandum of Law (Doc. #137) filed on October 24, 2006. Florida Mowing and Landscape Service Inc. ("Florida Mowing") filed its response (Doc. #150) on November 11, 2006.

    Equity Lifestyle Properties, Inc. ("Equity Lifestyle") seeks a stay of the proceedings in <u>Florida Mowing v. Equity Lifestyle</u>, Case Number 2:05-cv-187, pending appeal of <u>Equity Lifestyle v.</u>

Florida Mowing, Case No. 2:05-cv-165, which is a consolidated case. Equity Lifestyle wants to appeal this Court's October 20, 2006 Opinion and Order (Doc. #132) granting Florida Mowing's Motion to Dismiss the Third Amended Complaint.

Equity Lifestyle correctly articulated the four factors a party must demonstrate when moving for such relief: (1) that the movant is likely to prevail on appeal; (2) that absent a stay, movant will suffer irreparable harm; (3) that the adverse party will suffer no substantial harm from issuance of the stay; and (4) the public interest will be served by issuing a stay. U.S. v. Hamilton, 963 F.2d 322, 323 (11th Cir. 1992). For reasons articulated in the prior Opinion and Order (Doc. #132) this Court does not agree that Equity Lifestyle will likely prevail on appeal. Further, the Court finds that despite the possibility of litigating the same issue twice, Equity Lifestyle has failed to show that it will suffer irreparable harm absent a stay. Equity Lifestyle cannot overcome Florida Mowing's contention that it wishes to "bring the instant action to a conclusion as soon as possible . . .and will sustain substantial harm by the delay and cost associated with a stay" (Doc. #150, p. 5) and, therefore, cannot prove that Florida Mowing will suffer no substantial harm from issuance of the stay. Finally, the Court is unconvinced that a stay will serve the public interests; the contrary seems likely.

Accordingly, it is now

**ORDERED:**

Defendant, Equity Lifestyle Properties, Inc.'s Motion to Stay Proceedings and Incorporated Memorandum of Law (Doc. #137) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __2nd__ day of February, 2007.

                                                                    _____
                                                                    JOHN E. STEELE
                                                                    United States District Judge

Copies:
Counsel of record