```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

EQUITY LIFESTYLE PROPERTIES, INC.,

        Plaintiff,

vs.                                    Case No. 2:05-cv-165-FtM-29SPC

FLORIDA MOWING & LANDSCAPE SERVICE,
INC.,

        Defendant.
_____

FLORIDA MOWING & LANDSCAPE SERVICE,
INC.,

        Plaintiff,

vs.                                    Case No. 2:05-cv-187-FtM-29SPC

EQUITY LIFESTYLE PROPERTIES, INC.,
f/k/a MANUFACTURED HOME COMMUNITIES,
INC.,

        Defendant.
_____

**OPINION AND ORDER**

    This matter comes before the Court on Defendant Equity Lifestyle Properties, Inc.'s Motion for Leave to Amend and/or Motion for Clarification and Incorporated Memorandum of Law (Doc. #143) filed on October 30, 2006. Florida Mowing and Landscape Service, Inc. filed its response (Doc. #154) on November 13, 2006.

    Pursuant to an Order (Doc. #88) declaring a mistrial and stating that:

> [i]f Equity Lifestyle Properties, Inc. wishes to pursue its causes of actions, it shall file a Third Amended Complaint. The Third Amended Complaint shall include all the claims

>  it wishes to pursue, including the "price gouging" portion
>  of Count I . . . If Equity Lifestyle includes a breach of
>  contract claim, the claim shall specifically identify the
>  breaches it alleges, consistent with those articulated to
>  the Court during trial on May 25, 2006.

(Doc. #88, p. 2.) Equity Lifestyle's Third Amended Complaint (Doc. #99) was filed on June 12, 2006, and set forth the following seven counts: (1) breach of contract; (2) accounting; (3) fraud; (4) violation of Florida's Unfair and Deceptive Trade Practices Act ("FDUTPA"); (5) Fraud in the inducement; (6) Rescission; and (7) Unjust Enrichment (respectively). In an October 20, 2006 Opinion and Order (Doc. #132) the Court dismissed all counts of the Third Amended Complaint noting "[t]he Court allowed the filing of another amended complaint with the specific instructions that Equity Lifestyles make such specific allegations; the initial failure to include such specific allegations led to the need for the mistrial in the first place." Counts I and II were dismissed with prejudice. (Id.)

Equity Lifestyle now requests that the Court allow it to amend Count I and re-plead Counts II, IV and VI. Alternatively, Equity Lifestyle "requests that the Court clarify its order of dismissal to include language required by Fed. R. Civ. P. 54(b) necessary for Equity to perfect an immediate appeal." The Court declines to do either.

Under Fed. R. Civ. P. 15(a)[1], a district court has discretion in whether to allow a party to amend a pleading. "In determining whether to grant a motion to amend a pleading, the district court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment." Nolin v. Douglas County, 903 F.2d 1546, 1550 (11th Cir. 1990)(internal citations and quotations omitted).

The Court further finds that to allow a fourth amendment at this advanced a stage of litigation would unduly prejudice Florida Mowing and be contrary to the principles of judicial economy. In dismissing Count I, this Court's October 20, 2006 Opinion and Order (Doc. #132) stated, "[f]inding no possible excuse for ignoring the Court's order, the Court will dismiss Count I with prejudice." In dismissing Count II with prejudice, this Court stated, "Equity Lifestyle did not and cannot assert a claim for an equitable accounting." (Id. at p. 5.) Likewise, the Court incorporates by reference the reasons for dismissal of Counts IV and VI previously articulated in its October 20, 2006 Opinion and Order (Doc. #132). "Requesting an amendment at such a late stage of the proceedings and in the absence of unusual

---

[1] Fed. R. Civ. P. 15(a) states in pertinent part that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

circumstances undermines the purpose of the pretrial order and frustrates any attempt at judicial economy." Nolin v. Douglas County, 903 F.2d 1546, 1550 (11th Cir. 1990). The Court finds no unusual circumstances which were not of Equity Lifestyles' own making.

Additionally, the Court agrees with Florida Mowing that Equity Lifestyle's request that the Court "clarify" its dismissal Order so it can perfect an immediate appeal is due to be denied. These cases have been consolidated for all purposes since May 31, 2005 (Doc. #12). When consolidation is proper and for all purposes, both cases must be final in order to appeal either case as a final judgment. See Bank South Leasing, Inc. v. Williams, 769 F.2d 1497, 1500 n.1 (11th Cir. 1985), vacated on other grounds, 778 F.2d 704 (11th Cir. 1985).

Accordingly, it is now

**ORDERED**:

Defendant Equity Lifestyle Properties, Inc.'s Motion for Leave to Amend and/or Motion for Clarification and Incorporated Memorandum of Law (Doc. #143) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___2nd___ day of February, 2007.

JOHN E. STEELE
United States District Judge